Derbigny, J.
delivered the opinion of the court. By a decree of this court of the 7th of May last, this cause was sent back to the court of the fourth district, with instructions to the judge, to cause another meeting of the creditors of Joseph Enet, to be held for the purpose of proceeding to the nomination of another syndic or syndics; the first appointment having appeared to this court illegal. This meeting took place, and the present appellants were elected: but the district judge refused to confirm their nomination, on the ground that part of the creditors, viz: those who had mortgages, had been denied right of voting.
The question then whether hypothecary and privileged creditors are to participate in the election of syndics, is the principal, if not the only, subject of investigation here.
*600 East’n. District.
Feb. 1817.
The parish judge, acting as notary on this occasion, thought that the creditors of that description were excluded from voting by the 20th article of the 16th chapter of the ordinance of Bilbao, which says, ' that in case there should arise any difficulty in the settlement of accounts and other incidents, and acts, until the close of the proceedings, the minority shall abide by the will of the majority: but that creditors, having privilege by deed or otherwise, above simple creditors, shall not be allowed to vote. This article, however, does not seem to embrace the election of persons, who are to be entrusted with the management of the bankrupt’s estate and settlement of his affairs: provision being made for that nomination in the 12th and 13th articles of the same chapter. Administrators of the estate, under the name of depositaries, are to be chosen by the majority of the creditors, speaking generally without exceptions. The syndics commissioners are to be appointed to ake charge of the books and papers, and to ascertain the number and claims of the creditors, and the active debts of the bankrupt, and to liquidate the whole. Those are distinct trusts, unless it pleases the creditors to place them in the same hands. After these nominations are thus provided for, we find in the 20th arti *601 cle, the disposition which gives to simple creditors the exclusive right of debating among themselves such difficulties as may occur in the settlement of accounts and other incidents and acts. The reason of this is obvious, the privileged creditors, whose claims are already liquidated, and who are to be paid, at all events, in full, have no interest in the adjustment of other claims, nor in any measure, which may be taken for the advantage of ordinary creditors; but it would have been strange indeed, had they been deprived of a participation in the choice of the persons in whose hands that property is to be placed, out of the proceeds of which they expect to be paid. Be that however as it may, the ordinance of Bilbao, supposing it to have any force here, in certain cases, is not the law which is to be consulted in matters of cession of goods. It is a part of the Spanish merchant law, and is applicable to traders only. This is a case of a cessio bonorum, by an individual not engaged in trade. It must be governed by the general rules. Febrero, in the article quoted when this case was first before us, says, that all the creditors, or a majority of them, in amount and not in number, are to make choice of the persons to whom the administration of the estate is to be trusted. The article of our code, quot *602 ed oil the said occasion, gives to the creditors the right of naming syndics to have the management of the estate surrendered. The exclusion of the privileged creditors from a participation in that choice is not so much as hinted at.
Another allegation of the appellants is, that one of the mortgage creditors, who complained that their votes were refused, did not tender his, until the votes had been taken. But there is no evidence that the election was then closed. Besides, it appears that the determination of the notary, not to admit the votes of the hypothecary creditors, had been made known, and that would be sufficient to excuse this creditor, even if he had omitted altogether the useless ceremony of tendering his vote.
The appellants have also made an attempt to shew to this court, that, since the judgment complained of, some of the creditors, in whose favour it was rendered, have thought fit to change sides, and are now willing to acquiesce in the nomination of the appellants as syndics. They even went so far, as to endeavor to establish by calculation, what difference this would make in the result of all the votes. But, this court could not, without assuming original *603 jurisdiction, inquire into other circumstances than those which were laid before the judge, whose decision an appeal has been claimed. We must decide, and decide only, whether his judgment was, or was not correct, at the time he pronounced it, not what it might have been, had the situation of the parties been different.
Moreau for the appellants, Hiriart for the appellee.
It is ordered, adjudged and decreed, that the judgment of the district court be affirmed at the appellants’ costs.